J-S60045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARIO J. FIGUEROA | |
| Appellant | No. 1821 EDA 2015 |

Appeal from the Judgment of Sentence June 12, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000430-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 16, 2015**

Mario J. Figueroa appeals from the judgment of sentence entered on June 12, 2015, in the Court of Common Pleas of Northampton County following the acceptance of his open guilty plea to the charge of possession of drug paraphernalia.[1] His arrest on the instant charges led to findings of probation violations (VOP), and incarceration, in both Pennsylvania and New York.[2]   Figueroa was sentenced to a term of two to four months incarceration on the possession of drug paraphernalia charge.  In this timely

_____

[1] 35 P.S. § 780-113(a)(32) – two empty packages of synthetic marijuana. The plea agreement was open as to sentencing, but three counts of possession of synthetic marijuana, § 780-113(a)(16), were *nolle prossed* as part of the agreement.

[2] Figueroa has not appealed his revocation sentence, and the record in his Pennsylvania VOP case is not part of this record.

appeal, Figueroa raises two claims: (1) his sentence is illegal in that he has not been properly credited for time served, and (2) his sentence subjected him to double jeopardy. Counsel has filed an **Anders**[3] brief, stating all issues are frivolous, along with a request to withdraw as counsel. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm. We also grant counsel leave to withdraw from representation.

> Before we begin our substantive analysis, we must first review defense counsel's **Anders** brief and motion to withdraw. **See Commonwealth v. Goodwin**, 928 A.2d 287 (Pa. Super. 2007)(*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), appeal denied, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Bennett***, ___ A.3d ___, 2015 PA Super 198, at *1-2 (Pa. Super. 9/17/2015). Our review of the certified records confirms that counsel has followed the dictates of ***Anders***/***Santiago***. Additionally, we note that Figueroa has not filed a *pro se* response to counsel's ***Anders*** brief.

However, our review of the certified record compels us to make note of a procedural problem. Following his guilty plea, Figueroa filed a *pro se* notice of appeal, despite being represented by counsel. Subsequently, the trial court ordered Figueroa to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. This notice was forwarded to counsel as well as Figueroa. Before counsel could respond, Figueroa filed a *pro se* Rule 1925(b) concise statement and the trial court authored a perfunctory Rule 1925(a) memorandum. This action by the trial court is a violation of the prohibition against hybrid representation and would require us to remand this matter. ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1139 (Pa. 1993). However, while still within the 21 days allowed under the order, counsel filed a concise statement, listing the issues addressed in the ***Anders*** brief. Our review of the record leads us to conclude that it is clear that if we remanded this matter, counsel would simply refile the same Rule 1925(b)

statement, the trial court would reissue its memorandum, returning us to the *status quo*, having only taxed judicial resources. Accordingly, while we remind the trial court that when a defendant is represented by counsel, *pro se* filings are not to be acted upon, we find counsel has prevented any prejudice to Figueroa by her actions in filing the court-ordered Rule 1925(b) statement within the 21 day time limit. Therefore, we will address the merits of this appeal.

The underlying facts of this matter are easily related. On April 14, 2015, State Parole Officer Brian Fallock conducted a search of Figueroa's home pursuant to the terms of Figueroa's parole status. Officer Fallock found three full packages of synthetic marijuana and two empty packages of synthetic marijuana. Officer Fallock notified the Borough of Wilson Police Department. Police Officer Dan Dieter arrived and confiscated the evidence, and submitted it for testing, which confirmed it was a controlled substance. On September 23, 2014 a summons and complaint was filed against Figueroa, charging his with the above mentioned crimes. The filing of the charges acted as a violation of Figueroa's probation in Pennsylvania and parole in New York. Prior to pleading guilty in this case, Figueroa served a four month sentence for violating his Pennsylvania probation and seven months in New York.

Our standard of review is well settled. "Issues relating to the legality of a sentence are questions of law.... Our standard of review over such

questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Ali***, 112 A.3d 1210, 1225 (Pa. Super. 2015) (citation omitted).

Figueroa argues both the probation violation sentences and the sentence for possession of drug paraphernalia are based upon the same criminal conduct. Accordingly, he argues either he should be credited with time served in his revocation sentences in the instant sentence or that the instant sentence represents double punishment and so violates the Fifth Amendment of the United States Constitution. Neither argument is persuasive.

We will begin with the double jeopardy claim. Figueroa argues that his arrest on the instant charge provided the basis for his serving an additional term of incarceration in both Pennsylvania and New York for violating his prior sentence in each jurisdiction.[4] The Fifth Amendment prohibits any person from being "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. Accordingly, he argues he cannot be sentenced again for possessing the drug paraphernalia.

Somewhat surprisingly, this precise argument does not appear to have been raised previously in Pennsylvania. Nonetheless, federal jurisprudence makes it clear that the argument is frivolous. ***United States of America v.***

---

[4] In revocation of probation circumstances, the claim of double jeopardy is based upon the reimposition of sentence on the original crime. ***See Commonwealth v. Hunter***, 468 A.2d 505 (Pa. Super. 1983). However, Figueroa's revocation sentences are not before us.

***Woods***, 127 F.3d 990 (11th Cir. 1997), provides an excellent explanation of why this argument fails. Although we are not bound by a federal decision arising from Alabama, we adopt the reasoning.

In ***Woods***, the defendant committed a robbery while on probation for another unrelated crime. He pled guilty to violating the terms of his probation and was sentenced to a term of six months' incarceration. He then claimed subsequent prosecution for the robbery charge was prohibited by operation of the double jeopardy clause of the Fifth Amendment to the United States Constitution. This argument was based on the United States Supreme Court decision in ***United States v. Dixon***, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).[5]

> In ***Dixon***, the defendant had been arrested for murder and was released on bond. While awaiting trial on the murder charge, Dixon was arrested and indicted for possession with intent to distribute cocaine. Following an expedited hearing, Dixon was found guilty of criminal contempt for violating the terms of his bond release and sentenced to a term of imprisonment. Reasoning that "criminal contempt, at least in its nonsummary form, is a crime in every fundamental respect," 509 U.S. at 699-700, 113 S.Ct. at 2858 (internal quotation omitted), the Supreme Court found that a subsequent prosecution for the drug offense was barred by the Double Jeopardy Clause.

***United States v. Woods***, 127 F.3d at 992.

The Eleventh Circuit rejected this argument, stating:

---

[5] Pennsylvania has adopted ***Dixon*** in ***Commonwealth v. Yerby***, 679 A.2d 217 (Pa. 1996).

The Supreme Court's resolution of the claim at issue in *Dixon* does not alter our determination that revocation of probation for commission of a subsequent criminal offense does not constitute punishment for that criminal offense for purposes of double jeopardy; rather, revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence. It is critical to note that, at the time he was adjudicated guilty with respect to the criminal contempt charge, the defendant in *Dixon* had been convicted of no other offense. Indeed, a prosecution and conviction for criminal contempt is punishment for the conduct constituting contempt of court, not for any underlying crime. *See United States v. Soto-Olivas*, 44 F.3d 788, 792 (9th Cir.), *cert. denied,* 515 U.S. 1127, 115 S.Ct. 2289, 132 L.Ed.2d 290 (1995). In *Dixon,* there was no underlying crime to punish. In the instant case, because Woods' commission of a criminal offense constituted a violation of the terms of his probation, it consequently provided grounds for the revocation of his probation. The punishment imposed in the form of probation revocation, however, was part of his original sentence and thus constituted punishment for the crime underlying that sentence. Contrary to Woods' suggestion, subsequent prosecution for the criminal conduct committed while on probation constitutes prosecution for an entirely new offense and is not precluded by the Double Jeopardy Clause.

We note that every other circuit to have addressed this precise claim in the context of *Dixon* has reached the same result reached by our court today. *See, e.g., United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996) ("Because revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence, and does not constitute punishment for the revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense."), *cert. denied,* 520 U.S. 1149, 117 S.Ct. 1325, 137 L.Ed.2d 486 (1997); *United States v. Woodrup*, 86 F.3d 359, 363 (4th Cir.) ("[T]he Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which has formed the basis for revocation of a term of supervised release."), *cert. denied,* 519 U.S. 944, 117 S.Ct. 332, 136 L.Ed.2d 245 (1996); *United States v. Soto-Olivas*, 44 F.3d at 791 ("[P]unishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation."). We similarly

conclude that revocation of probation constitutes part of a defendant's original sentence and does not preclude subsequent prosecution for the criminal conduct that gave rise to the probation revocation. Accordingly, Woods' conviction for robbery does not violate the Double Jeopardy Clause.

*Id*. at 992-93.

The foregoing reasoning is compelling and ably demonstrates the falsity of Figueroa's argument. Accordingly, this claim merits no relief.

The reasoning in *Woods* is equally applicable to Figueroa's claim that he is entitled to credit for time served from his probation violation sentences in his instant sentence.[6] Simply put, any punishment imposed for violation of probation represents punishment for the original crime, not for the conduct that led to revocation. *See Woods*, *supra*, *quoting United States v. Soto-Olivas*. This reasoning is also found in Pennsylvania case law:

> [T]he imposition of probation defers further sentencing of a defendant until such time as he violates the conditions placed on the probation, and when the violation of those conditions occurs, the resentence of the defendant is an integral element of the original conditional sentence of probation, not a second punishment for the same offense.

*Commonwealth v. Hunter*, 468 A.2d 505, 507 (Pa. Super. 1983).

Accordingly, Figueroa's two to four month sentence for possession of drug paraphernalia is separate and distinct from either sentence Figueroa served pursuant to the revocation of his Pennsylvania or New York

---

[6] We note that Figueroa was credited with 23 days of time served on the instant sentence. *See* Sentencing Form, 6/12/2015.

probations.    As such, he is not entitled to any offset from his current sentence.

Because we agree with counsel that Figueroa's claims are frivolous and he is not entitled to relief, the petition for leave to withdraw as counsel is granted.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2015